1 │ MORGAN, LEWIS & BOCKIUS LLP
  │ Eric Meckley, Bar No. 168181
2 │ Sarah Zenewicz, Bar No. 258068
  │ One Market
3 │ Spear Street Tower
  │ San Francisco, CA  94105-1596
4 │ Tel:    +1.415.442.1000
  │ Fax:    +1.415.442.1001
5 │ eric.meckley@morganlewis.com
  │ sarah.zenewicz@morganlewis.com
6 │
  │ MORGAN, LEWIS & BOCKIUS LLP
7 │ Claire Lesikar, Bar No. 311180
  │ 1400 Page Mill Road
8 │ Palo Alto, CA  94304
  │ Tel:    +1.650.843.4000
9 │ Fax:    +1.650.843.4001
  │ claire.lesikar@morganlewis.com
10 │
   │ Attorneys for Defendant
11 │ ARAMARK SERVICES, INC.

12

13 │                    UNITED STATES DISTRICT COURT

14 │                   NORTHERN DISTRICT OF CALIFORNIA

15

16 │ LAWRENCE WAYNE KELLY JR., an          │ Case No.  3:22-cv-05263
   │ individual,
17 │                                        │ **DEFENDANT ARAMARK SERVICES,**
   │                 Plaintiff,             │ **INC.'S NOTICE OF REMOVAL**
18 │
   │          vs.                           │ **[28 U.S.C. §§ 1332(A), 1441, 1446]**
19 │
20 │ ARAMARK SERVICES, INC., a California
   │ Corporation; DOE 1, an individual; and DOES
21 │ 2 through 50, inclusive,
   │
22 │                 Defendants.

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 132408209.2

NOTICE OF REMOVAL

1    TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

2    CALIFORNIA, AND TO PLAINTIFF LAWRENCE WAYNE KELLY JR. AND HIS

3    ATTORNEYS OF RECORD:

4            **PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446,

5    Defendant Aramark Services, Inc. ("Defendant" or "Aramark") hereby removes the above-

6    entitled action from the Superior Court of the State of California for the County of Alameda to the

7    United States District Court for the Northern District of California.  This Court has original

8    subject matter jurisdiction over the claims of Plaintiff Lawrence Wayne Kelly Jr. ("Plaintiff" or

9    "Kelly") under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000 and

10   there is complete diversity of citizenship between the parties.

11           In support of this removal, Aramark states the following:

12   **I.      PLEADINGS, PROCESS, AND ORDERS**

13           1.      On August 12, 2022, Plaintiff filed an unverified complaint for damages in the

14   Superior Court of the State of California, for the County of Alameda, entitled *Lawrence Wayne*

15   *Kelly Jr. v. Aramark Services, Inc.*, Case No. 22CV016120 (the "Complaint").  The Complaint

16   alleges five causes of action: (1) Age Discrimination (Gov. Code § 12940, *et. seq.*); (2) Failure to

17   Prevent Discrimination and Harassment (Gov. Code § 12940(k)); (3) Wrongful Termination in

18   Violation of Public Policy; (4) Intentional Infliction of Emotional Distress; (5) Unfair

19   Competition (Bus. & Prof. Code § 17200, *et. seq.*).

20           2.      On August 16, 2022, Plaintiff served a document titled "First Amended

21   Complaint" ("FAC") on Defendant.[1]  True and correct copies of the Summons, First Amended

22   Complaint, the original filed Complaint, and all documents served with the FAC are attached as

23   **Exhibit A.**

24           3.      On September 14, 2022, Defendant filed and served its Answer to the Plaintiff's

25   Complaint.  A true and correct copy of the Answer to the Complaint is attached as **Exhibit B.**

26           4.      **Exhibits A** and **B** constitute all the pleadings, process, and orders served upon or

---

[1]    Despite serving a putative First Amended Complaint, as of September 15, 2022, Plaintiff's First Amended
Complaint does not appear on the court's docket for this case.  Plaintiff's FAC and Complaint appear to be
identical.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

by Defendant in the Superior Court action.

## II.   <u>REMOVAL IS TIMELY</u>

5.     This Notice of Removal is filed timely, pursuant to 28 U.S.C. § 1446(b), because Defendant filed it within thirty days of completion of service on Defendant.  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.   <u>DIVERSITY JURISDICTION EXISTS</u>

6.     This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Removal to this Court is proper under the provisions of 28 U.S.C. §§ 1441(a) and (b) because the action involves citizens of different states the amount in controversy exceeds $75,000.

### A.   <u>Complete Diversity of Citizenship Exists Between the Parties.</u>

7.     A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28 U.S.C. § 1332 provided no defendant is a citizen of the same state in which the action was brought.  28 U.S.C. § 1441(a)–(b).  The citizenship of improperly and fraudulently joined defendants should be disregarded for removal purposes.  *McCabe v. Gen. Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Here, all requirements are met because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Pennsylvania.

### 1.   **Plaintiff Is a Citizen of California.**

8.     "An individual is a citizen of the state in which he is domiciled . . . ."  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Evidence of continuing residence creates a presumption of domicile.  *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3rd Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).  Once the removing party produces evidence supporting that presumption, the burden shifts to the other party to come forward with contrary

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 132408209.2

3

NOTICE OF REMOVAL

evidence, if any, in order to dispute domicile. *Id.*

9.      At the time Plaintiff filed this civil action, Plaintiff was a citizen of the State of California. Exh. A, Complaint at ¶ 6. Plaintiff was employed by Aramark in California from around 1988 to 2020. *Id.* at ¶¶ 6, 14, 17. Nothing in Plaintiff's Complaint suggest that he is now, or has been a citizen of the state of Pennsylvania or Delaware.

**2.      Defendant Is a Citizen of Pennsylvania and Delaware, Not California.**

10.      For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

11.      Defendant is now and, prior to and after the commencement of this action on August 12, 2022, has been a corporation organized and existing under and by virtue of the laws of Delaware. Currently and prior to and since the commencement of this action, the Company has had its corporate headquarters and principal place of business in Philadelphia, Pennsylvania. Philadelphia, Pennsylvania is where direction, control, and coordination for the Company and executive functions take place. The greater part of the Company's administrative functions (including corporate human resources, payroll, benefits, Information Technology, corporate finance, production operations, and business strategy) are conducted in Philadelphia, Pennsylvania, and the respective managers for these departments work in Philadelphia, Pennsylvania. As such, corporate policies, including those concerning discrimination, harassment and retaliation, and recordkeeping related to hours worked and pay have been established by the Company's leaders based in Philadelphia.

12.      Defendant is therefore a citizen of the State of Delaware and the Commonwealth of Pennsylvania for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1). As a result, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen and/or resident

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 132408209.2

4

NOTICE OF REMOVAL

of the State of California for purposes of determining diversity jurisdiction.

13.     In compliance with 28 U.S.C. § 1441(b), none of the "parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought."  The inclusion of "Doe" Defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441(a) (stating that for purposes of removal, the citizenship of Defendant sued under fictitious names shall be disregarded).  In determining whether diversity of citizenship exists, only the named defendants are considered.

14.     Based on the foregoing, complete diversity exists because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Pennsylvania.

**B.     The Amount Plaintiff Places in Controversy Exceeds $75,000.**

15.     Although the Complaint does not allege any amount of damages as to any of his claims, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

16.     Defendant is informed that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.  Plaintiff alleges in his Complaint that Defendant terminated his employment based on his age.  Plaintiff seeks to recover "compensatory damages . . . including but not limited to back pay, front pay, loss of earnings and employee benefits and damages for emotional distress . . .;" "restitution for unfair competition . . . including disgorgement of profits"; "general and special damages"; "pre-judgment and post-judgment interest"; "punitive and exemplary damages"; "attorneys' fees"; "costs of suit"; and "other relief the court may deem just and proper." Exh. A, Complaint, ¶¶ 57-64.  Were Plaintiff to prevail in this action, the damages could exceed $75,000.

**1.     Plaintiff's Claim for Loss of Earnings Places at Least $212,588.80 in Controversy.**

17.     At the time of his termination, Plaintiff received an hourly pay rate of $22.52. Declaration of Bryan Mohseni in Support of Defendant's Notice of Removal, ¶ 3.  Not counting

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 132408209.2

5

NOTICE OF REMOVAL

overtime or other pay, this comes out to $3,603.20 per month.  Defendant terminated Plaintiff's employment on February 13, 2020.  Exh. A, Complaint at ¶ 17.  A jury trial in this case likely would not occur for over two years from the date of removal.  See United States District Courts – National Judicial Caseload Profile for the Northern District of California, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf (reflecting a median time of approximately 29.3 months from filing date to trial date in civil cases in the Northern District of California).  Twenty-nine months from August 12, 2022—the date Plaintiff filed his Complaint—is January 12, 2025 giving a total amount of time between his termination and trial of approximately 59 months.

18.     At the time of trial, Plaintiff's lost wages claim would be approximately $212,588.80 ($3,603.20 x 59).  *See, e.g.*, *Melendez v. HMS Host Family Rest., Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from alleged adverse employment action to anticipated date of judgment in amount in controversy calculation); *Rivera v. Costco Wholesale Corp.*, No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal); *Celestino v. Renal Advantage Inc.*, No. C 06-07788, 2007 WL 1223699, at *4 (N.D. Cal. Apr. 24, 2007) (including future lost income in amount in controversy calculation).

19.     In the alternative, if Plaintiff's lost wages is limited to the time between Plaintiff's termination and when Plaintiff filed his original Complaint on August 12, 2022, Plaintiff's lost wages claim would be approximately $190,969.60 ($3,603.20 x 53).

### 2.     Plaintiff Alleges Emotional Distress Damages

20.     Plaintiff also alleges emotional distress damages.  *See, e.g.*, Exh. A, Complaint, ¶¶ 29, 36, 43, 46, 57.  In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages.  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347-48 (1977), superseded by statute on other grounds; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  Indeed, numerous California Courts have awarded more than $75,000 in emotional distress damages alone.  *See, e.g., Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 132408209.2

6

NOTICE OF REMOVAL

of $75,000.00 for emotional distress damages); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld). Accordingly, it is reasonable to assume that Plaintiff seeks in excess of $75,000 for alleged emotional distress damages alone.

### 3. Plaintiff's Claim for Punitive Damages Places Additional Amounts in Controversy.

21. Plaintiff also requests an unspecified amount in punitive damages related to every claim. See Exh. A, Complaint, ¶¶ 30, 38, 43, 47, 61. Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Ko v. The Square Group, LLC*, Case No. BC 487739, 2014 WL 3555573 (Cal. Super. Ct. June 17, 2014) (disability discrimination case resulting in punitive damages award of $500,000; *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, it is apparent plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].")). Thus, Plaintiff's claim for punitive damages places an even greater amount in controversy.

22. Plaintiff also seeks to recover an unspecified amount of attorneys' fees. Exh. A., Complaint ¶ 62. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *See, e.g., Galt G/S*, 142 F.3d at 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 697-98 (9th Cir. 2007) (attorneys' fees are included in the calculation of the amount in controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, No. S-06-cv-2573, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation"). The total

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 132408209.2

7

NOTICE OF REMOVAL

amount of attorneys' fees that could accrue during the course of litigation are considered. *Lippold v. Godiva Chocolatier, Inc.*, No. C 10–00421, 2010 WL 1526441, at *3–4 (N.D. Cal. Apr. 15, 2010) ("a reasonable estimate of attorneys fees likely to be expended" should be included in calculating the amount in controversy); *accord Pulera v. F & B, Inc.*, No. 2:08-cv-00275 – MCEDAD, 2008WL 3863489, at *4–5 (E.D. Cal. Aug. 19, 2008); *Celestino*, 2007 WL 1223699 at *4; *Simmons*, 209 F. Supp. 2d at 1034–35 (N.D. Cal.2002); *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. Jan. 12, 2002).

23.    Here, Plaintiff brings claims under the Fair Employment and Housing Act, which allows a "prevailing party" to recover reasonable attorneys' fees. Cal. Gov. Code § 12965(b) ("[T]he court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees"); *Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.").

24.    Notably, Plaintiff's counsel, Shaun Setareh, has filed fee motions that report his hourly rate at $750 to $850 and his associates' hourly rates at $350 to $700. Request for Judicial Notice, Exs. A-C. Conservatively assuming that Mr. Setareh's associates perform 75% of the work, attorneys' fees would total $75,000 after 132 hours of work (($525 average associate rate x 108 hours) + ($800 average Setareh hourly rate x 24 hours) = $75,900). Plaintiff's counsel would likely exceed this amount during just the pretrial phase of litigation.

25.    Thus, the amount of attorneys' fees incurred by Plaintiff in connection with prosecuting the instant action would increase the above figures even more, and, when combined with the other damages, exceed the jurisdictional threshold of this Court.

26.    While Defendant denies any and all liability to Plaintiff, based on a conservative, good faith estimate of the value of the alleged damages in this action (lost wages, emotional distress, punitive damages, and attorneys' fees), the amount in controversy in this case well exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional

1    amount is present); *see also Simmons*, 209 F. Supp. 2d at 1031–35 (holding that Plaintiff's damage

2    claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to

3    put the amount in controversy above $75,000).

4    **IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

5          27.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1441(a)

6    because this district embraces the county—Alameda—in which the removed action has been pending.

7          28.    Defendant will promptly serve Plaintiff with this Notice of Removal and will

8    promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is

9    pending, as required under 28 U.S.C. § 1446(d).

10   **V.    CONCLUSION**

11         29.    Defendant respectfully requests that this action be removed from the Superior Court of

12   the State of California for the County of Alameda to the United States District Court for the Northern

13   District of California, and that all future proceedings in this matter take place in the United States

14   District Court for the Northern District of California.

15         30.    If any question arises as to the propriety of the removal of this action, Defendant

16   requests the opportunity to present a brief and oral argument in support of their position that this case

17   is removable.

18
19   Dated: September 15, 2022                    MORGAN, LEWIS & BOCKIUS LLP

20
21                                        By   */s/Eric Meckley*
                                             _____
22                                           Eric Meckley
                                             Sarah Zenewicz
23                                           Claire Lesikar
                                             Attorneys for Defendant
24                                           ARAMARK SERVICES, INC.

25

26

27

28

# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
08/16/2022
CT Log Number 542131717

## Service of Process Transmittal Summary

**TO:**   Charles J Reitmeyer, Vice President & Assoc. General Counsel
Aramark
2400 MARKET ST FL 8
PHILADELPHIA, PA 19103-3041

**RE:**   **Process Served in California**

**FOR:**   Aramark Services, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LAWRENCE WAYNE KELLY JR., an individual // To: Aramark Services, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, First Amended Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Alameda County - Superior Court, CA, CA<br>Case # 22CV016120 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On or around 02/13/2020 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/16/2022 at 02:18 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | Shaun Setareh<br>SETAREH LAW GROUP<br>9665 Wilshire Boulevard, Suite 430<br>Beverly Hills, CA 90212<br>310-888-7771 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/17/2022, Expected Purge Date: 08/22/2022<br><br>Image SOP<br><br>Email Notification,  Charles J Reitmeyer  charles.reitmeyer@morganlewis.com<br><br>Email Notification,  Denise Bolc  bolc-denise@aramark.com<br><br>Email Notification,  Amy Golembo  golembo-amy@aramark.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
08/16/2022
CT Log Number 542131717

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                         Tue, Aug 16, 2022
**Server Name:**                  Jimmy Lizama

| Entity Served | ARAMARK SERVICES, INC. |
|---|---|
| Case Number | 22CV016120 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARAMARK SERVICES, INC, a California Corporation; DOE 1, an individual; and DOES 2 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LAWRENCE WAYNE KELLY JR., an individual

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
08/12/2022
Chad Finke, Executive Officer / Clerk of the Court

By: _____ A. Linhares _____ Deputy

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Hayward Hall of Justice
24405 Amador St.
Hayward, CA 94544

</td><td>

CASE NUMBER:
*(Número del Caso):*
**22CV016120**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., 9665 Wilshire Blvd., Suite 430, Beverly Hills, California 90212, (310) 888-7771

DATE:
*(Fecha)* 08/12/2022  Chad Finke, Executive Officer / Clerk of the Court    Clerk, by _____ A. Linhares _____ , Deputy
*(Secretario)*                                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*    ARAMARK SERVICES, INC., a California Corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1  Shaun Setareh (SBN 204514)
      shaun@setarehlaw.com
2  Jose Maria D. Patino, Jr. (SBN 270194)
      jose@setarehlaw.com
3  Maxim Gorbunov (SBN 343128)
      maxim@setarehlaw.com)
4  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff
   LAWRENCE WAYNE KELLY JR.

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF ALAMEDA

11

12  | LAWRENCE WAYNE KELLY JR., an | Case No.: 22CV016120 |
    individual,

13                                | **FIRST AMENDED COMPLAINT FOR:**

                 Plaintiff,
14                                1. Age Discrimination (Gov. Code. §
        vs.                          12940, *et seq.*)
15                                2. Failure to Prevent Discrimination and
    ARAMARK SERVICES, INC., a California   Harassment (Gov. Code § 12940(k))
16  Corporation; DOE 1, an individual; and  3. Wrongful Termination in Violation of
    DOES 2 through 50, inclusive,      Public Policy;
17                                4. Intentional Infliction of Emotional
                 Defendants.          Distress
18                                5. Unfair Competition (Bus. & Prof. Code §
                                     17200, *et seq.*)
19

20                                **DEMAND FOR JURY TRIAL**

21

22

23

24

25

26

27

28

- 1 -

Plaintiff LAWRENCE WAYNE KELLY JR., (hereinafter "Plaintiff") alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action against Defendants ARAMARK SERVICES, INC., a California corporation (hereinafter "Aramark"); DOE 1, an individual; and DOES 2 through 50, inclusive (collectively "Defendants") for alleged violations of Government Code section 12940, *et seq.*, and the Business and Professions Code section 17200, *et seq.*

2.      Based on the allegations herein, Plaintiff seeks general, special, compensatory, actual, consequential, incidental, and punitive damages and interest thereon, attorneys' fees, costs of suit, injunctive relief, and other remedies discussed below.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction to hear this case because the Plaintiff is informed and believes that the monetary damages and restitution sought in this complaint for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court of the State of California.

4.      Venue is proper in Alameda pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose there, because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Prior to the filing of this civil complaint, Plaintiff filed an administrative complaint against each named defendant with the California Department of Fair Employment and Housing (DFEH) pursuant to California Government Code section 12900, *et seq.*, alleging the claims described in this complaint. On August 15, 2022, the DFEH issued a "right to sue" letter.  A true and correct copy of the administrative complaint and the "right to sue" letter is attached as **Exhibit A**. All conditions precedent to the filing of this complaint have been fulfilled. This action is filed within one year of the date that the DFEH issued its right to sue letter.

///

///

## **THE PARTIES**

6.      At all times herein mentioned, and at the time the causes of action arose, Plaintiff LAWRENCE WAYNE KELLY JR., was an individual residing in the State of California, County of San Benito.

7.      At all times mentioned herein, Defendant ARAMARK SERVICES, INC., a California corporation, was and is doing business in the State of California, County of Alameda.

8.      At all times mentioned herein, Plaintiff is informed and believes, and based thereon alleges, that Defendant DOE 1, in individual, was an individual residing in the State of California who was employed by Aramark and placed in charge of investigating the workplace vending machine discrepancies attributed to Plaintiff.

9.      Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues these defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff will file and serve an amendment to this Complaint alleging the true names and capacities of these fictitiously named defendants when such true names and capacities become known to Plaintiff.

10.     Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

11.     Hereinafter in this Complaint, unless otherwise specified, reference to a defendant or defendants shall refer to all defendants, and each of them. ARAMARK SERVICES, INC., a California corporation, DOE 1, an individual, and DOES 2 through 50, inclusive, shall hereinafter be collectively referred to as "Defendants."

12.     Plaintiff is informed and believes, and based thereon alleges, that each of the defendants named herein acted as the employee, agent, spouse, partner, alter-ego, and/or joint-venturer, of each of the other defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of the defendants acted within the scope of its relationship with and with the permission, consent, and ratification of each of the other defendants named herein.

1       13.      Plaintiff is informed and believes and thereon allege that Defendants, and each of

2 them, exercised control over the wages, hours or working conditions of Plaintiff, or suffered or

3 permitted Plaintiff, to work, or engaged, thereby creating a common law employment relationship,

4 with Plaintiff. Therefore, Defendants, and each of them, employed or jointly employed Plaintiff.

5                             **FACTUAL BACKGROUND**

6       14.      Plaintiff is a 53-year-old man who was hired by Defendants in or around 1988 as a

7 driver. Plaintiff was a hardworking and steadfast employee, who, for over three decades,

8 performed his job duties competently and efficiently, within the Defendants' rules, requirements,

9 and policies.

10       15.      Plaintiff accrued retirement benefits throughout his employment with Aramark.

11 These benefits were provided through the Western Conference of Teamsters Pension Trust.

12 Plaintiff had two more years of service before his pension was fully vested and he could retire.

13       16.      At one point in his employment with Defendant, Plaintiff was promoted to a

14 management position, but upon discovering that accrual of his retirement benefits was paused due

15 to managers not being eligible for benefits, Plaintiff elected to go back to being a driver for

16 Defendant.

17       17.      On or around February 13, 2020, Plaintiff was called into a room by Doe 1 where

18 two other persons were waiting. Doe 1 accused Plaintiff of theft and asked the other two persons

19 to count money from a bag which Doe 1 claimed were from a vending machine Plaintiff serviced.

20 When the count was complete, Plaintiff asked for details regarding how much money was missing

21 and from which machine, but Doe 1 was unable to provide him with any information, instead

22 telling Plaintiff that he doesn't know. Plaintiff asked a few more times, only to receive the same

23 response. Plaintiff was then escorted by a manager through the building and sent home and told

24 that Defendant was going to investigate. This was approximately two weeks before his thirty-

25 second anniversary as an employee of Aramark. After this incident, Defendants abruptly

26 terminated Plaintiff's employment without previous notice.

27       18.      Before this incident, Plaintiff had never had any allegations of theft or dishonesty

28 in his over thirty years on the job with Aramark.

19. Plaintiff continually asked Defendants for specific details about this wild accusation, but Defendants refused to provide any information and instead stated that they were going to conduct an investigation regarding the possible discrepancy.

20. He was one of several employees, including his supervisor, who had keys and access to each machine that was supposedly missing money. Defendants never informed Plaintiff of the amount of money missing nor of the count made afterwards by investigators of the money recovered from the machine in question.

21. Despite his insistence, Plaintiff was not provided evidence suggesting he was responsible for any monetary discrepancy in the vending machines under investigation.

22. Plaintiff is informed and believes that he was wrongfully terminated on the basis of his age and in interference with his pension benefits.

## FIRST CAUSE OF ACTION

## AGE DISCRIMINATION IN VIOLATION OF GOV. CODE § 12940, *ET SEQ.*

### (Against All Defendants)

23. Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

24. At all times herein mentioned the California Fair Employment and Housing Act, California Government Code Section 12940 *et seq.* ("FEHA") was in full force and effect and was binding on Defendants, who each regularly employed five or more persons.

25. During Plaintiff's employment with Defendants, Defendants, through its supervisors, engaged in actions that had a negative impact on the treatment of employees who were more than 40 years old. Specifically, Defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees. Defendants had a pattern and practice of such unlawful hiring and firing practices.

26. Plaintiff was a qualified employee at the time his employment was terminated, he was more than 40 years old, and based on information and belief Plaintiff alleges that he was discriminated against on the basis of his age.

27.     On the basis of the above, Plaintiff believes and alleges that his age was a substantial motivating factor in Defendants' termination of his employment.

28.     As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

29.     As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring. The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

30.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND HARASSMENTIN VIOLATION OF

## GOV. CODE § 12940(k)

### (Against All Defendants)

31.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

32.     At all times mentioned herein, California Government Code § 12940 *et seq.* was in full force and effect and binding on Defendants. These sections require Defendants to take reasonable steps to prevent discrimination from occurring.

33.     As alleged herein, Plaintiff suffered unlawful discrimination and harassment at the hands of Defendants.

34.     Defendants, and each of them, failed to take all reasonable steps to prevent such

1 | harassment and discrimination in violation of Government Code § 12940(k).

2 | 35.   Defendants failed to take appropriate and/or reasonable steps to train and/or

3 | monitor its employees, supervisors and/or managers regarding disability discrimination by failing

4 | to enforce a policy against unlawful discrimination, and failing to take prompt and appropriate

5 | disciplinary action against the perpetrators of discrimination.

6 | 36.   As a direct and proximate result of Defendants' failure to take all reasonable steps

7 | to prevent harassment and discrimination, Plaintiff has suffered and will continue to suffer

8 | damages in an amount within the jurisdiction of this Court, the exact amount to be proven at trial.

9 | Such damages include loss of salary and other valuable employment benefits, prejudgment interest

10 | and interest on the sum of damages at the legal rate, and other consequential damages, including

11 | damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of

12 | Defendants and each of them.

13 | 37.   In addition, pursuant to Government Code § 12965(b), Plaintiff is entitled to his

14 | attorneys' fees in prosecuting this lawsuit.

15 | 38.   Because the wrongful acts against Plaintiff were carried out, authorized, or ratified

16 | by Defendants' directors, officers and/or managing agents, acting with malice, oppression or

17 | fraud, or were deliberate, willful, and in conscious disregard of the probability of causing injury to

18 | Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive

19 | damages against Defendants, and each of them, in order to deter them from such and similar

20 | conduct in the future.

## THIRD CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(Against All Defendants)

24 | 39.   Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

25 | full herein.

26 | 40.   Plaintiff's termination was wrongful in that it violated the fundamental public

27 | policies of California that prohibit discrimination, harassment, and retaliation on the basis of: age

28 | as discussed above.

1    41.    Defendants discharged Plaintiff in violation of the aforementioned public policies,

2    under:

3         a.    California Government Code § 12940, *et seq.*;

4    42.    As a direct and proximate cause of his wrongful discharge, Plaintiff has suffered

5    and will continue to suffer damages in an amount within the jurisdiction of this court, the exact

6    amount to be proven at trial.

7    43.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

8    continues to suffer actual, consequential, and incidental financial losses, including without

9    limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and

10   embarrassment, all in an amount subject to proof at the time of trial.

11   The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive,

12   and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and

13   were done by managerial agents and employees of Defendants, or with the express knowledge,

14   consent, and ratification of managerial employees of Defendants, and thereby justify the awarding

15   of punitive and exemplary damages in an amount to be determined at the time of trial.

16                           **FOURTH CAUSE OF ACTION**

17            **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

18                        **(Against Aramark and DOE 1)**

19   44.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

20   full herein.

21   45.    DOE 1's discriminatory, harassing, and retaliatory actions against plaintiff

22   constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

23   DOE 1 had the intention of causing and/or recklessly disregarded the probability of causing

24   emotional distress to Plaintiff and did, in fact, cause emotional distress to Plaintiff. DOE 1's

25   misconduct caused Plaintiff severe emotional distress, including, but not limited to, stress,

26   depression, and anxiety. As a proximate result of DOE 1's extreme and outrageous conduct,

27   Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and

28

1  continues to sustain substantial losses of earnings and other employment benefits as a result of

2  being emotionally distressed.

3      46.    As a proximate result of DOE 1's extreme and outrageous conduct, Plaintiff has

4  suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and

5  anguish, all to her damage in a sum according to proof.

6      47.    The aforementioned acts of DOE 1 were willful, wanton, malicious, intentional,

7  oppressive, and despicable, and were done in willful and conscious disregard of the rights of

8  Plaintiff, and thereby justify the awarding of punitive and exemplary damages in an amount to be

9  determined at the time of trial.

10                                **FIFTH CAUSE OF ACTION**

11          **VIOLATION OF <u>BUSINESS & PROFESSIONS CODE § 17200</u> _ET SEQ._**

12                              **(Against All Defendants)**

13      48.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

14  full herein.

15      49.    California Business & Professions Code § 17200 _et seq._ (also referred to herein as

16  the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair

17  competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

18      50.    California Business & Professions Code § 17204 allows a person injured by the

19  unfair business acts or practices to prosecute a civil action for violation of the UCL.

20      51.    Defendants committed acts of unfair competition as defined by the Unfair Business

21  Practices Act, by engaging in the unlawful, unfair and fraudulent business acts and practices

22  described in this Complaint, including, but not limited to:

23      b.  Violation of Government Code § 12940, _et seq._ pertaining to disability

24          discrimination, failure to prevent discrimination, and retaliation;

25      c.  Violation of Labor Code §§ 98.6, 1102.5, 232.5, 6310, and 6311 pertaining to

26          retaliation;

27      d.  Wrongfully terminating Plaintiff in violation of the aforementioned public policies;

28      52.    The violations of these laws and regulations, as well as of the fundamental

- 9 -

1  California public policies underlying them, serve as unlawful predicate acts and practices for the

2  purposes of Business & Professions Code § 17200 *et seq.*

3       53.     Additionally, Plaintiff believes, and thereon alleges, that Defendants' unlawfully

4  discriminatory retaliatory conduct, as discussed above, will continue unless enjoined by this court.

5  On these grounds, and as Plaintiff has been subjected to Defendants' aforementioned violations of

6  the FEHA and Labor Code, Plaintiffs also seek redress in the form of injunctive relief.

7       54.     The acts and practices alleged above have unlawfully deprived Plaintiff of the

8  rights due to him under the law while enabling Defendants to gain an unfair competitive advantage

9  over law-abiding employers and competitors.

10       55.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff

11  has suffered a loss of money and property in the form of wages and benefits that he would have

12  continued to receive as an employee of Defendants.

13       56.     Plaintiff seeks an order of this court awarding restitution, injunctive relief, and all

14  other legal and equitable relief allowed under Business & Professions Code § 17200 *et seq.*, plus

15  interest, attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure § 1021.5.

16  **<u>PRAYER FOR RELIEF</u>**

17       WHEREFORE, Plaintiff prays for judgment as follows:

18       57.     For all compensatory damages in the form of consequential, and incidental

19  damages, including but not limited to back pay, front pay, loss of earnings and employee benefits

20  and damages for emotional distress, according to proof;

21       58.     For restitution for unfair competition pursuant to Business & Professions Code

22  § 17200, *et seq.*, including disgorgement of profits resulting from Defendants' unlawful business

23  acts and practices, according to proof;

24       59.     For general and special damages, according to proof;

25       60.     For pre-judgment and post-judgment interest, according to proof;

26       61.     For punitive and exemplary damages, according to proof;

27       62.     For attorneys' fees, according to proof;

28       63.     For costs of suit incurred herein; and

1    64.    For such other relief the court may deem just and proper.

2

3                    **DEMAND FOR JURY TRIAL**

4    Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

5

6    DATED:  August 15, 2022                    SETAREH LAW GROUP

7

8                                     By _Jose Maria D Patino_
                                          SHAUN SETAREH
9                                         JOSE MARIA D. PATINO, JR.
                                          MAXIM GORBUNOV
10                                        Attorneys for Plaintiff
                                          LAWRENCE WAYNE KELLY JR.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -
FIRST AMENDED COMPLAINT

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                           GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 15, 2022

Maxim Gorbunov
9665 Wilshire Blvd., Suite 430
Beverly Hills, CA 90212

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202208-17901712
      Right to Sue: KELLY, Jr. / ARAMARK SERVICES, INC. et al.

Dear Maxim Gorbunov:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____ GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

August 15, 2022

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202208-17901712
Right to Sue: KELLY, Jr. / ARAMARK SERVICES, INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation.  The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

KEVIN KISH, DIRECTOR

August 15, 2022

LAWRENCE KELLY, Jr.

RE:   **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202208-17901712
        Right to Sue: KELLY, Jr. / ARAMARK SERVICES, INC. et al.

Dear LAWRENCE KELLY, Jr.:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 15, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                        KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
LAWRENCE KELLY, Jr.                                   DFEH No. 202208-17901712

                              Complainant,

vs.

ARAMARK SERVICES, INC.
2400 MARKET ST.
Philadelphia, PA 19103

Doe 1 Unknown
2400 MARKET ST
Philadelphia, PA 19103

                              Respondents
_____

**1.** Respondent **ARAMARK SERVICES, INC.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Doe 1 Unknown** individual as Co-Respondent(s).

**3.** Complainant **LAWRENCE KELLY, Jr.**, resides in the City of , State of .

**4.** Complainant alleges that on or about **February 13, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's age (40 and over), association with a member of a protected class and as a result of the discrimination was terminated, laid off, forced to quit, denied hire or promotion, reprimanded, suspended, denied any employment benefit or privilege, denied work opportunities or assignments, denied or forced to transfer.

**Additional Complaint Details:** 14.   Plaintiff is a 53-year-old man who was hired by Defendants in or around 1988 as a driver. Plaintiff was a hardworking and steadfast employee, who, for over three decades, performed his job duties competently and efficiently, within the Defendants' rules, requirements, and policies.

-1-
*Complaint – DFEH No. 202208-17901712*

Date Filed: August 15, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

15.    Plaintiff accrued retirement benefits throughout his employment with Aramark. These benefits were provided through the Western Conference of Teamsters Pension Trust. Plaintiff had two more years of service before his pension was fully vested and he could retire.

16.    At one point in his employment with Defendant, Plaintiff was promoted to a management position, but upon discovering that accrual of his retirement benefits was paused due to managers not being eligible for benefits, Plaintiff elected to go back to being a driver for Defendant.

17.    On or around February 13, 2020, Plaintiff was called into a room by Doe 1 where two other persons were waiting. Doe 1 accused Plaintiff of theft and asked the other two persons to count money from a bag which Doe 1 claimed were from a vending machine Plaintiff serviced. When the count was complete, Plaintiff asked for details regarding how much money was missing and from which machine, but Doe 1 was unable to provide him with any information, instead telling Plaintiff that he doesn't know. Plaintiff asked a few more times, only to receive the same response. Plaintiff was then escorted by a manager through the building and sent home and told that Defendant was going to investigate. This was approximately two weeks before his thirty-second anniversary as an employee of Aramark. After this incident, Defendants abruptly terminated Plaintiff's employment without previous notice.

18.    Before this incident, Plaintiff had never had any allegations of theft or dishonesty in his over thirty years on the job with Aramark.

19.    Plaintiff continually asked Defendants for specific details about this wild accusation, but Defendants refused to provide any information and instead stated that they were going to conduct an investigation regarding the possible discrepancy.

20.    He was one of several employees, including his supervisor, who had keys and access to each machine that was supposedly missing money.  Defendants never informed Plaintiff of the amount of money missing nor of the count made afterwards by investigators of the money recovered from the machine in question.

21.    Despite his insistence, Plaintiff was not provided evidence suggesting he was responsible for any monetary discrepancy in the vending machines under investigation.

22.    Plaintiff is informed and believes that he was wrongfully terminated on the basis of his age and in interference with his pension benefits.

-2-

*Complaint – DFEH No. 202208-17901712*

Date Filed: August 15, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Maxim Gorbunov**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.   The matters alleged are based on information and belief, which I believe to be true.

On August 15, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Beverly Hills**

-3-
*Complaint – DFEH No. 202208-17901712*

Date Filed: August 15, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**SUM-100**

# SUMMONS ON FIRST AMENDED COMPLAINT
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
 ARAMARK SERVICES, INC, a California Corporation; DOE 1, an individual; and DOES 2 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
 LAWRENCE WAYNE KELLY JR., an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hayward Hall of Justice
24405 Amador St.
Hayward, CA 94544

CASE NUMBER:
*(Número del Caso):* 22CV016120

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
 Shaun Setareh, Esq., 9665 Wilshire Blvd., Suite 430, Beverly Hills, California 90212, (310) 888-7771

DATE:
*(Fecha)*

Clerk, by
*(Secretario)* _____

, Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | Shaun Setareh (SBN 204514)
  shaun@setarehlaw.com
2 | Jose Maria D. Patino, Jr. (SBN 270194)
  jose@setarehlaw.com
3 | Maxim Gorbunov (SBN 343128)
  maxim@setarehlaw.com)
4 | SETAREH LAW GROUP
  9665 Wilshire Boulevard, Suite 430
5 | Beverly Hills, California 90212
  Telephone (310) 888-7771
6 | Facsimile (310) 888-0109

7 | Attorneys for Plaintiff
  LAWRENCE WAYNE KELLY JR.

8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
08/12/2022 at 04:39:39 PM
By: Angela Linhares,
Deputy Clerk

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF ALAMEDA

11

12 | LAWRENCE WAYNE KELLY JR., an individual,

13 | Plaintiff,

14 | vs.

15 | ARAMARK SERVICES, INC., a California Corporation; DOE 1, an individual; and DOES 2 through 50, inclusive,

16

17 | Defendants.

Case No.:  22CV016120

**COMPLAINT FOR:**

1. Age Discrimination (Gov. Code. § 12940, *et seq.*)
2. Failure to Prevent Discrimination and Harassment (Gov. Code § 12940(k))
3. Wrongful Termination in Violation of Public Policy;
4. Intentional Infliction of Emotional Distress
5. Unfair Competition (Bus. & Prof. Code § 17200, *et seq.*)

**DEMAND FOR JURY TRIAL**

- 1 -
COMPLAINT

Plaintiff LAWRENCE WAYNE KELLY JR., (hereinafter "Plaintiff") alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this action against Defendants ARAMARK SERVICES, INC., a California corporation (hereinafter "Aramark"); DOE 1, an individual; and DOES 2 through 50, inclusive (collectively "Defendants") for alleged violations of Government Code section 12940, *et seq.*, and the Business and Professions Code section 17200, *et seq.*

2.      Based on the allegations herein, Plaintiff seeks general, special, compensatory, actual, consequential, incidental, and punitive damages and interest thereon, attorneys' fees, costs of suit, injunctive relief, and other remedies discussed below.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction to hear this case because the Plaintiff is informed and believes that the monetary damages and restitution sought in this complaint for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court of the State of California.

4.      Venue is proper in Alameda pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose there, because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.      Prior to the initiation of this lawsuit, Plaintiff filed a complaint against each named defendant with the California Department of Fair Employment and Housing (DFEH) pursuant to California Government Code section 12900, *et seq.*, alleging the claims described in this complaint. On August 12, 2022, the DFEH issued a "right to sue" letter.  A true and correct copy of the administrative complaint and the "right to sue" letter is attached as **Exhibit A**. All conditions precedent to the institution of this lawsuit have been fulfilled. This action is filed within one year of the date that the DFEH issued its right to sue letter.

///

///

**THE PARTIES**

6.      At all times herein mentioned, and at the time the causes of action arose, Plaintiff LAWRENCE WAYNE KELLY JR., was an individual residing in the State of California, County of San Benito.

7.      At all times mentioned herein, Defendant ARAMARK SERVICES, INC., a California corporation, was and is doing business in the State of California, County of Alameda.

8.      At all times mentioned herein, Plaintiff is informed and believes, and based thereon alleges, that Defendant DOE 1, in individual, was an individual residing in the State of California who was employed by Aramark and placed in charge of investigating the workplace vending machine discrepancies attributed to Plaintiff.

9.      Plaintiff is unaware of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and for that reason sues these defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff will file and serve an amendment to this Complaint alleging the true names and capacities of these fictitiously named defendants when such true names and capacities become known to Plaintiff.

10.     Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

11.     Hereinafter in this Complaint, unless otherwise specified, reference to a defendant or defendants shall refer to all defendants, and each of them. ARAMARK SERVICES, INC., a California corporation, DOE 1, an individual, and DOES 2 through 50, inclusive, shall hereinafter be collectively referred to as "Defendants."

12.     Plaintiff is informed and believes, and based thereon alleges, that each of the defendants named herein acted as the employee, agent, spouse, partner, alter-ego, and/or joint-venturer, of each of the other defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of the defendants acted within the scope of its relationship with and with the permission, consent, and ratification of each of the other defendants named herein.

13. Plaintiff is informed and believes and thereon allege that Defendants, and each of them, exercised control over the wages, hours or working conditions of Plaintiff, or suffered or permitted Plaintiff, to work, or engaged, thereby creating a common law employment relationship, with Plaintiff. Therefore, Defendants, and each of them, employed or jointly employed Plaintiff.

**FACTUAL BACKGROUND**

14. Plaintiff is a 53-year-old man who was hired by Defendants in or around 1988 as a driver. Plaintiff was a hardworking and steadfast employee, who, for over three decades, performed his job duties competently and efficiently, within the Defendants' rules, requirements, and policies.

15. Plaintiff accrued retirement benefits throughout his employment with Aramark. These benefits were provided through the Western Conference of Teamsters Pension Trust. Plaintiff had two more years of service before his pension was fully vested and he could retire.

16. At one point in his employment with Defendant, Plaintiff was promoted to a management position, but upon discovering that accrual of his retirement benefits was paused due to managers not being eligible for benefits, Plaintiff elected to go back to being a driver for Defendant.

17. On or around February 13, 2020, Plaintiff was called into a room by Doe 1 where two other persons were waiting. Doe 1 accused Plaintiff of theft and asked the other two persons to count money from a bag which Doe 1 claimed were from a vending machine Plaintiff serviced. When the count was complete, Plaintiff asked for details regarding how much money was missing and from which machine, but Doe 1 was unable to provide him with any information, instead telling Plaintiff that he doesn't know. Plaintiff asked a few more times, only to receive the same response. Plaintiff was then escorted by a manager through the building and sent home and told that Defendant was going to investigate. This was approximately two weeks before his thirty-second anniversary as an employee of Aramark. After this incident, Defendants abruptly terminated Plaintiff's employment without previous notice.

18. Before this incident, Plaintiff had never had any allegations of theft or dishonesty in his over thirty years on the job with Aramark.

19.     Plaintiff continually asked Defendants for specific details about this wild accusation, but Defendants refused to provide any information and instead stated that they were going to conduct an investigation regarding the possible discrepancy.

20.     He was one of several employees, including his supervisor, who had keys and access to each machine that was supposedly missing money.  Defendants never informed Plaintiff of the amount of money missing nor of the count made afterwards by investigators of the money recovered from the machine in question.

21.     Despite his insistence, Plaintiff was not provided evidence suggesting he was responsible for any monetary discrepancy in the vending machines under investigation.

22.     Plaintiff is informed and believes that he was wrongfully terminated on the basis of his age and in interference with his pension benefits.

## FIRST CAUSE OF ACTION

### AGE DISCRIMINATION IN VIOLATION OF GOV. CODE § 12940, *ET SEQ.*

#### (Against All Defendants)

23.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

24.     At all times herein mentioned the California Fair Employment and Housing Act, California Government Code Section 12940 *et seq*. ("FEHA") was in full force and effect and was binding on Defendants, who each regularly employed five or more persons.

25.     During Plaintiff's employment with Defendants, Defendants, through its supervisors, engaged in actions that had a negative impact on the treatment of employees who were more than 40 years old. Specifically, Defendants discharged older employees with greater frequency than younger employees, hired fewer employees who were older than 40, and gave better jobs and benefits to younger employees. Defendants had a pattern and practice of such unlawful hiring and firing practices.

26.     Plaintiff was a qualified employee at the time his employment was terminated, he was more than 40 years old, and based on information and belief Plaintiff alleges that he was discriminated against on the basis of his age.

27.     On the basis of the above, Plaintiff believes and alleges that his age was a substantial motivating factor in Defendants' termination of his employment.

28.     As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

29.     As a further direct and legal result of the acts and conduct of Defendants, Plaintiff has been caused to, and did, suffer and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, all of which is substantial and enduring. The exact nature and extent of these injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

30.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

**FAILURE TO PREVENT DISCRIMINATION AND HARASSMENTIN VIOLATION OF**

**GOV. CODE § 12940(k)**

**(Against All Defendants)**

31.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

32.     At all times mentioned herein, California Government Code § 12940 *et seq.* was in full force and effect and binding on Defendants. These sections require Defendants to take reasonable steps to prevent discrimination from occurring.

33.     As alleged herein, Plaintiff suffered unlawful discrimination and harassment at the hands of Defendants.

34.     Defendants, and each of them, failed to take all reasonable steps to prevent such

1  harassment and discrimination in violation of Government Code § 12940(k).

2      35.    Defendants failed to take appropriate and/or reasonable steps to train and/or

3  monitor its employees, supervisors and/or managers regarding disability discrimination by failing

4  to enforce a policy against unlawful discrimination, and failing to take prompt and appropriate

5  disciplinary action against the perpetrators of discrimination.

6      36.    As a direct and proximate result of Defendants' failure to take all reasonable steps

7  to prevent harassment and discrimination, Plaintiff has suffered and will continue to suffer

8  damages in an amount within the jurisdiction of this Court, the exact amount to be proven at trial.

9  Such damages include loss of salary and other valuable employment benefits, prejudgment interest

10 and interest on the sum of damages at the legal rate, and other consequential damages, including

11 damages for shame, humiliation, mental anguish, and emotional distress caused by the conduct of

12 Defendants and each of them.

13     37.    In addition, pursuant to Government Code § 12965(b), Plaintiff is entitled to his

14 attorneys' fees in prosecuting this lawsuit.

15     38.    Because the wrongful acts against Plaintiff were carried out, authorized, or ratified

16 by Defendants' directors, officers and/or managing agents, acting with malice, oppression or

17 fraud, or were deliberate, willful, and in conscious disregard of the probability of causing injury to

18 Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff seeks punitive

19 damages against Defendants, and each of them, in order to deter them from such and similar

20 conduct in the future.

21              **THIRD CAUSE OF ACTION**

22     **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

23                  (Against All Defendants)

24     39.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

25 full herein.

26     40.    Plaintiff's termination was wrongful in that it violated the fundamental public

27 policies of California that prohibit discrimination, harassment, and retaliation on the basis of: age

28 as discussed above.

1    41.    Defendants discharged Plaintiff in violation of the aforementioned public policies,

2    under:

3        a.    California Government Code § 12940, *et seq.*;

4    42.    As a direct and proximate cause of his wrongful discharge, Plaintiff has suffered

5    and will continue to suffer damages in an amount within the jurisdiction of this court, the exact

6    amount to be proven at trial.

7    43.    As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

8    continues to suffer actual, consequential, and incidental financial losses, including without

9    limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and

10   embarrassment, all in an amount subject to proof at the time of trial.

11   The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive,

12   and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and

13   were done by managerial agents and employees of Defendants, or with the express knowledge,

14   consent, and ratification of managerial employees of Defendants, and thereby justify the awarding

15   of punitive and exemplary damages in an amount to be determined at the time of trial.

16                            **FOURTH CAUSE OF ACTION**

17              **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

18                         **(Against Aramark and DOE 1)**

19   44.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

20   full herein.

21   45.    DOE 1's discriminatory, harassing, and retaliatory actions against plaintiff

22   constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

23   DOE 1 had the intention of causing and/or recklessly disregarded the probability of causing

24   emotional distress to Plaintiff and did, in fact, cause emotional distress to Plaintiff. DOE 1's

25   misconduct caused Plaintiff severe emotional distress, including, but not limited to, stress,

26   depression, and anxiety. As a proximate result of DOE 1's extreme and outrageous conduct,

27   Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and

28

1   continues to sustain substantial losses of earnings and other employment benefits as a result of

2   being emotionally distressed.

3          46.    As a proximate result of DOE 1's extreme and outrageous conduct, Plaintiff has

4   suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and

5   anguish, all to her damage in a sum according to proof.

6          47.    The aforementioned acts of DOE 1 were willful, wanton, malicious, intentional,

7   oppressive, and despicable, and were done in willful and conscious disregard of the rights of

8   Plaintiff, and thereby justify the awarding of punitive and exemplary damages in an amount to be

9   determined at the time of trial.

10                        **FIFTH CAUSE OF ACTION**

11      **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ.***

12                          **(Against All Defendants)**

13         48.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

14  full herein.

15         49.    California Business & Professions Code § 17200 *et seq.* (also referred to herein as

16  the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair

17  competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

18         50.    California Business & Professions Code § 17204 allows a person injured by the

19  unfair business acts or practices to prosecute a civil action for violation of the UCL.

20         51.    Defendants committed acts of unfair competition as defined by the Unfair Business

21  Practices Act, by engaging in the unlawful, unfair and fraudulent business acts and practices

22  described in this Complaint, including, but not limited to:

23         b.   Violation of Government Code § 12940, *et seq.* pertaining to disability

24              discrimination, failure to prevent discrimination, and retaliation;

25         c.   Violation of Labor Code §§ 98.6, 1102.5, 232.5, 6310, and 6311 pertaining to

26              retaliation;

27         d.   Wrongfully terminating Plaintiff in violation of the aforementioned public policies;

28         52.    The violations of these laws and regulations, as well as of the fundamental

California public policies underlying them, serve as unlawful predicate acts and practices for the purposes of Business & Professions Code § 17200 *et seq.*

53.    Additionally, Plaintiff believes, and thereon alleges, that Defendants' unlawfully discriminatory retaliatory conduct, as discussed above, will continue unless enjoined by this court. On these grounds, and as Plaintiff has been subjected to Defendants' aforementioned violations of the FEHA and Labor Code, Plaintiffs also seek redress in the form of injunctive relief.

54.    The acts and practices alleged above have unlawfully deprived Plaintiff of the rights due to him under the law while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

55.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have continued to receive as an employee of Defendants.

56.    Plaintiff seeks an order of this court awarding restitution, injunctive relief, and all other legal and equitable relief allowed under Business & Professions Code § 17200 *et seq.*, plus interest, attorneys' fees and costs pursuant to, *inter alia*, Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

57.    For all compensatory damages in the form of consequential, and incidental damages, including but not limited to back pay, front pay, loss of earnings and employee benefits and damages for emotional distress, according to proof;

58.    For restitution for unfair competition pursuant to Business & Professions Code § 17200, *et seq.*, including disgorgement of profits resulting from Defendants' unlawful business acts and practices, according to proof;

59.    For general and special damages, according to proof;

60.    For pre-judgment and post-judgment interest, according to proof;

61.    For punitive and exemplary damages, according to proof;

62.    For attorneys' fees, according to proof;

63.    For costs of suit incurred herein; and

1     64.    For such other relief the court may deem just and proper.

2

3                           **DEMAND FOR JURY TRIAL**

4     Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

5

6     DATED:  August 12, 2022                    SETAREH LAW GROUP

7

8                                                By

9                                                SHAUN SETAREH
                                                 JOSE MARIA D. PATINO, JR.
10                                               MAXIM GORBUNOV
                                                 Attorneys for Plaintiff
                                                 LAWRENCE WAYNE KELLY JR.,
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                  COMPLAINT

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Shaun Setareh (SBN 204514) Jose Maria D. Patino Jr. (SBN 270194)<br>SETAREH LAW GROUP<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, California 90212<br>TELEPHONE NO.: (310) 888-7771    FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name):* Plaintiff, Lawrence Wayne Kelly Jr. | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>08/12/2022 at 04:39:39 PM<br>By: Angela Linhares,<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda** |
|---|
| STREET ADDRESS: 24405 Amador St. |
| MAILING ADDRESS: 24405 Amador St. |
| CITY AND ZIP CODE: Hayward, CA 94544 |
| BRANCH NAME: Hayward Hall of Justice |

| CASE NAME:<br>Kelly v. Aramark Services, Inc. |
|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV016120 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)  [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* Five
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 12, 2022

Shaun Setareh

_____    ▶ for _____
(TYPE OR PRINT NAME)                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

# EXHIBIT B

MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
Sarah Zenewicz, Bar No. 258068
One Market
Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001
eric.meckley@morganlewis.com
sarah.zenewicz@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Claire M. Lesikar, Bar No. 311180
1400 Page Mill Rd.
Palo Alto, CA  94304
Tel:     +1.650.843.4000
Fax:     +1.650.843.4001
claire.lesikar@morganlweis.com

Attorneys for Defendant
ARAMARK SERVICES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| LAWRENCE WAYNE KELLY JR., an individual,<br><br>                         Plaintiff,<br><br>                         vs.<br><br>ARAMARK SERVICES, INC., a California Corporation; DOE 1, an individual; and DOES 2 through 50, inclusive,<br><br>                         Defendants. | Case No. 22CV016120<br><br>**DEFENDANT ARAMARK SERVICES, INC.'S ANSWER TO COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:   August 12, 2022 |

Defendant ARAMARK SERVICES, INC. ("Defendant") by and through its undersigned

counsel, hereby answers the Complaint ("Complaint") filed by Plaintiff LAWRENCE WAYNE

KELLY JR. ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies,

generally and specifically, each and every allegation in the unverified Complaint.  Defendant

further generally and specifically denies that Plaintiff has been damaged in the sums alleged, or any other sum, or at all, by reason of any act or omission on the part of Defendant or any of its agents, servants, employees, or representatives.  Defendant further denies, generally and specifically, that Plaintiff is entitled to general, compensatory, punitive, or other damages, in any amount by reason of any act or omission on the part of Defendant or on the part of its agents, servants, employees, or representatives.

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time.  Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.  Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint, and each claim contained therein, fails to state facts sufficient to constitute any cause of action or to set forth a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

2.      If Plaintiff sustained any damages by reason of the allegations in the Complaint, which are categorically denied by Defendant, then Plaintiff may not recover for any such damages because, by his own acts and/or omissions, Plaintiff has failed to timely and properly to mitigate those damages.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB1/ 132406843.1

2

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (No Basis for Award of Punitive Damages)

4.      Plaintiff's allegations of each cause of action, whether considered separately or in any combination, fail to state facts sufficient to support an award of punitive damages against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

5.      An award of punitive damages is an unconstitutional denial of Defendant's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution, the excessive fines clause of the Eighth Amendment to the United States Constitution, and corresponding provisions of the Constitution of the State of California, including Articles I and IV.

## SIXTH AFFIRMATIVE DEFENSE

### (Offset)

6.      Even if the applicable Workers' Compensation laws do not provide the exclusive remedy for Plaintiff's claims, Defendant is entitled to an offset of any benefits Plaintiff receives or has received from workers' compensation or any employee benefit plan for injuries or damages alleged in his Complaint against any award of damages to Plaintiff in this action, consistent with the common law doctrine of offset and the doctrine prohibiting double recovery set forth under *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reasons)

7.      Any and all employment actions taken with respect to Plaintiff were not based on age, involvement in any protected activity, or any other improper or illegal consideration, but rather based on one or more legitimate, non-discriminatory and non-retaliatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

8.      Plaintiff's claims are barred, in whole or in part, and/or such claims of some of the putative class and/or representative action members that Plaintiff seeks to represent are barred in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 132406843.1

3

DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

1    whole or in part by the applicable statutes of limitations, including but not limited to Cal. Civ. Proc.

2    Code § 335.1.

3                                    **NINTH AFFIRMATIVE DEFENSE**

4                                 **(Workers' Compensation Exclusive Remedy)**

5          9.      To the extent Plaintiff seeks recovery for alleged physical and/or emotional injury

6    based on alleged employment or termination related conduct which neither contravenes fundamental

7    California public policy nor exceeds the risks inherent in the employment relationship (nor violates a

8    California statute providing recovery for emotional distress), such recovery is barred by California

9    Labor Code sections 3601 and 3602, which provide that the exclusive remedy for these alleged

10   injuries is an action or a claim under the Workers' Compensation Act.

11                                              Prayer

12         **WHEREFORE**, Defendant prays for judgment as follows:

13         1.      That Plaintiff takes nothing by reason of the Complaint on file herein, and that the

14   same be dismissed;

15         2.      That judgment be entered in favor of Defendant and against Plaintiff;

16         3.      That Defendant be awarded its costs of suit;

17         4.      That Defendant be awarded its attorneys' fees according to proof; and

18         5.      That the Court award Defendant such other and further relief as the Court may

19   deem proper.

20

21   Dated: September 14, 2022                    MORGAN, LEWIS & BOCKIUS LLP

22

23                                               By _____
                                                      Eric Meckley
24                                                    Sarah Zenewicz
                                                      Claire Lesikar
25                                                    Attorneys for Defendant
                                                      ARAMARK SERVICES, INC.
26

27

28

1

**PROOF OF SERVICE**

2

I, Joseph Ding, declare:

3

I am a citizen of the United States and employed in Santa Clara County, California.  I am

4

over the age of eighteen years and not a party to the within entitled action.  My business address is 1400 Page Mill Road, Palo Alto, CA  94304.  On September 14, 2022, I served a copy of the within document(s):

5

6

**DEFENDANT ARAMARK SERVICES, INC.'S ANSWER TO COMPLAINT FOR DAMAGES**

7

8

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Palo Alto, California addressed as set forth below.

9

10

Shaun Setareh                                               *Attorneys for Plaintiff*

Jose Maria D. Patino, Jr.                              *Lawrence Wayne Kelly Jr.,*

11

Maxim Gorbunov

SETAREH LAW GROUP

12

9665 Wilshire Boulevard, Suite 430

13

Beverly Hills, California 90212

shaun@setarehlaw.com

14

jose@setarehlaw.com

maxim@setarehlaw.com

15

16

Executed on September 14, 2022, at Palo Alto, California.

17

I declare under penalty of perjury under the laws of the State of California that the above

18

is true and correct.

19

20

_____

21

                                                           Joseph Ding

22

23

24

25

26

27

28